UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **Luis LOPEZ-Guerrero,** <br><br> Defendant | Magistrate Docket No. <br><br> **'08 MJ 0556** <br><br> COMPLAINT FOR VIOLATION OF: <br><br> Title 8, U.S.C., Section 1326 <br> Attempted Entry After <br> Deportation |

The undersigned complainant, being duly sworn, states:

On or about **February 21, 2008** within the Southern District of California, defendant, **Luis LOPEZ-Guerrero,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **25th** DAY OF **FEBRUARY 2008.**

Nita L. Stormes
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On February 21, 2008, Supervisory Border Patrol Agent S. Houston was performing line watch operations in the Imperial Beach, California area of operations, near an area known as "Whiskey 3." This area is approximately a quarter mile west of the San Ysidro, California Port of Entry and approximately twenty yards north of the United States/Mexico International Boundary Fence.

At approximately 5:52 P.M., Agent Houston was informed via agency radio by a Remote Video Surveillance System (RVSS) operator of two individuals attempting to illegally enter the United States by climbing the United States/Mexico International boundary fence and going north into the "Whiskey 3" area. RVSS then guided Agent Houston to their position. Agent Houston approached the individuals, one of whom was later identified as the defendant, **Luis LOPEZ-Guerrero**, and identified himself as a United States Border Patrol Agent and questioned them as to their country of citizenship and nationality. The RVSS Operator never lost visual contact of the two individuals till arrest. Both individuals, including the defendant, freely admitted that they were citizens and nationals of Mexico illegally present in the United States and that they possessed no immigration documentation permitting them to enter or remain in the United States legally. At approximately 5:55 P.M., Agent Houston arrested the individuals, including the defendant, and had them transported to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **August 10, 2006** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant also stated that his destination was Los Angeles, California.

**Executed on February 23, 2008 at 10:00 a.m.**

_____
Carlos R. Chavez
Senior Patrol Agent


On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on **February 21, 2008**, in violation of Title 8, United States Code, Section 1326.

_____                    2-23-08 @ 3:25PM
Nita L. Stormes                              Date/Time
United States Magistrate Judge